## A. R. Braden *v.* W. H. McCleary, Sheriff, Appellant.

*Sheriff—Wrongful levy—Evidence.*

In an action against a sheriff to recover damages for a wrongful levy, where the defendant in the execution testified that he was the owner of the property levied on, it is competent to ask him on cross-examination whether his mother-in-law to whom he had confessed the judgment on which the writ issued had not given a bond to indemnify the sheriff.

*Principal and agent—Authority of agent—Change of ownership.*

An agent who is merely placed in charge of property cannot change its ownership by delivering it to others, without the consent of his principal.

Argued Oct. 25, 1897.   Appeal, No. 43, Oct. T., 1897, by defendant, from judgment of C. P. No. 2, Allegheny Co., April Term, 1894, No. 356, on verdict for plaintiff.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Trespass against the sheriff to recover damages for alleged wrongful levy.   Before MAGEE, J.

At the trial it appeared that the property levied upon was three boat bottoms, one loaded with pit posts and two with check posts.   It was levied upon as that of W. W. O'Neil. The levy was under a judgment confessed by O'Neil to his mother-in-law, Rachel K. Pollard.   O'Neil testified that he had bought the property from Braden, the plaintiff, and that it had been delivered to him.   Braden claimed that the boats had not been delivered.

O'Neil, under cross-examination, was asked this question:

" Did Mrs. Pollard give a bond to the sheriff to protect him? " Objected to.

By the Court: How does that affect it?

By Mr. Rodgers, of counsel for plaintiff: To show the interest of this witness.   His mother-in-law, the real party in the case, having given a bond to the sheriff to protect him in making this levy.

By Mr. Petty, of counsel for defendant: My objection is this, the sheriff did get a bond which is worthless—

By Mr. Rodgers: Counsel having stated in open court that a bond was given, I now propose to press the question whether a bond was given by Mrs. Pollard, his mother-in-law, to protect the sheriff in relation to this execution.

Objected to as incompetent and irrelevant.   Objection overruled. [1]

The plaintiff having testified that, after bringing down the boat of pit posts and boat of brace poles, he went back home and before doing so left the boats in charge of John Shoup (who has since died) to take care of them for him, and that when he again came to Pittsburg on April 21 or 22, Shoup was still in charge and possession of the boats, and the plaintiff took them off Shoup's hands, the defendant, having Cal. Wilson upon the stand, proposed to ask him: " Do you know Mr. Shoup?

A. Shoup ! O, yes, I saw him around there. Q. Did you hear him say anything about the boats ? A. He was bailing them out. Q. Bailing out which boat ? A. Bailing out Mr. Braden's boat. Q. Which boat do you mean ? A. Well, he had been bailing around there at this pit post boat and brace pole boat, I think was the way of it. Q. Did he say anything about the pit post boat ? "

Objected to as incompetent.

By Mr. Petty : Mr. Braden testified that he put Mr. Shoup in charge of certain boats. Now I propose to prove by the witness on the stand that Mr. Shoup had charge of the brace pole boat and turned the pit post boat over to witness and told him that that was O'Neil's and he would like to have him take care of it, and that Mr. John Shoup, referred to in the testimony of A. R. Braden, the plaintiff, turned over to the witness the boat loaded with pit posts and said to the witness that was O'Neil's boat, and that he [the witness] would have to take care of it.

' Objected to as incompetent, irrelevant and immaterial under the proof in this case, and for the further reason that no time or place is mentioned. '

By Mr. Petty : I will add to the offer that this was on the landing where Mr. O'Neil had his other boats at about the 12th of April, 1893, and several days before the boats were levied upon by the sheriff.

, Objected to as being too indefinite, and for the reason that it does not come within the scope of Shoup's authority as proved.

. By Mr. Petty : This offer for the purpose of showing that the witness as O'Neil's employee was in charge of these boats, from and after April 12th, and at the time of the sheriff's levy, and that the boat was not in charge or possession of Mr. Braden, or Mr. Shoup, his agent.

Objected to.

By the court: Objection sustained as incompetent. The person put in charge of the property could not in the line of his authority subject the property to other ownership without the assent of Mr. Braden, whose agent he was, and the delivery of the property to others is not within the line of his authority. [2]

Verdict and judgment for plaintiff for $1,445.67. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions.

*R. B. Petty*, for appellant, cited on the second assignment of error, 1 Greenleaf on Evidence, sec. 113; 21 Am. & Eng. Ency. of Law, 102; Com. v. Werntz, 161 Pa. 597; Amick v. Young, 69 Ill. 544.

*W. B. Rodgers*, with him *George F. Whitmer*, for appellee.

PER CURIAM, November 8, 1897:

This case depended on questions of fact which appear to have been properly submitted to the jury and by them determined in favor of the plaintiff.

One of the specifications of error is in overruling defendant's objection and admitting the testimony of W. W. O'Neil therein set forth. The other is in sustaining plaintiff's objection and excluding defendant's offer of testimony therein specified. Our consideration of these rulings has led us to the conclusion that there is no error in either of them; and inasmuch as there is nothing else in the record to justify a reversal of the judgment, both specifications of error should be dismissed and the judgment affirmed.

Judgment affirmed.